```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
               HAMMOND DIVISION AT LAFAYETTE

REX A. DUKE, SR.,            )
                             )
Plaintiff,                   )
                             )
vs.                          )    NO. 4:13-CV-040
                             )
MICHAEL TRUEBLOOD,           )
                             )
Defendant.                   )
```

## OPINION AND ORDER

This matter is before the Court on a complaint filed pursuant to 42 U.S.C. § 1983 by Rex A. Duke, Sr., a *pro se* prisoner on June 17, 2013. (DE # 1.) For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

The complaint is not a model of clarity, but it can be discerned that Rex A. Duke, Sr., is a pretrial detainee at the Tippecanoe County Jail. He is suing his public defender, Michael Trueblood, because he believes Trueblood is not doing a good job representing him in his criminal case. Duke seeks a "monetary settlement" and for Trueblood to be removed from the case, among other relief.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Duke's claim against his public defender cannot proceed, because he is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when

2

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Nor does this Court have authority to order Trueblood to be removed, or to otherwise interfere with the pending criminal case. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Duke may have some remedy available in the Indiana courts to obtain new counsel, but he does not have a remedy in this Court under 42 U.S.C. § 1983.

CONCLUSION

    For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: June 24, 2013**        /s/RUDY LOZANO, Judge
                                            **United States District Court**